**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA HARVEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-02092 |
| v. | ) | |
| | ) | |
| CAVALRY SPV I, LLC, and CAVALRY | ) | |
| PORTFOLIO SERVICES, LLC | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Teresa Harvey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. (ICAA) and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and §1367 as to Plaintiff's state law claim(s).

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3.      Plaintiff, Teresa Harvey ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit card account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

4.      Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, #400, Valhalla, NY, 10595-1340. It does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle St, Suite 814 (Exhibit A, Record from Illinois Secretary of State).

5.      Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant Cavalry holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7.      Defendant Cavalry is a collection agency, as that term is defined in the ICAA, 225 ILCS 425/1.

8.      Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9.      Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, Arizona 85040.  CPS does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60605. (Exhibit C, Record from Illinois Secretary of State).

10.     Defendant CPS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts on behalf of Cavalry SPV I, LLC.

11.     Defendant CPS holds a collection agency license from the State of Illinois. (Exhibit D, Record from the Illinois Department of Financial & Professional Regulation).

12.     Defendant CPS is a collection agency, as that term is defined in the ICAA, 225 ILCS 425/1.

13.     Defendant CPS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14.     Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Chase Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16.     Cavalry subsequently purchased the alleged debt.

17.     Cavalry then retained or hired the Law Office of Keith S. Shindler, Ltd. ("Shindler"), to attempt to collect the alleged debt from Plaintiff.

18.     Shindler was at all times authorized to act on behalf of Cavalry to attempt to collect the alleged debt from Plaintiff.

19.     Because of inaccuracies in the information reported to the consumer reporting agencies regarding the alleged debt, Plaintiff directed her attorney to send a written communication to Cavalry, by counsel, indicating that Plaintiff disputed the alleged debt. (Exhibit F, Dispute Letter).

20.     Plaintiff's letter stated, in part, that the amount reported was not accurate.

21.     "[A] statement that 'the amount reported is not accurate' evinces the intention to dispute the validity of at least a portion of the purported debt." *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

22.     Cavalry, by counsel, received Plaintiff's communication on June 4, 2015.

23.     Plaintiff purchased an Equifax credit report.

24.     In January of 2016, CPS communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the open date. (Exhibit G, Excerpt of Plaintiff's Equifax credit report).

25.     CPS communicated a balance of $2,213 on the alleged debt to Equifax.

26.     CPS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt in January of 2016.

27.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

28.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

29.    In January of 2016, CPS knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified CPS of that dispute by letter more than 6 months prior, on June 4, 2015.

30.    Even though CPS knew or should have known, prior to January of 2016, that Plaintiff disputed owing the alleged debt, CPS failed to thereafter communicate the fact of Plaintiff's dispute to the Equifax credit reporting agency when CPS communicated other information regarding the alleged debt in January of 2016, in violation of 15 U.S.C. § 1692e(8).

31.    225 ILCS 425/9 of the Illinois Collection Agency Act prohibits the following:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

32.    Defendant disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 Ill. Comp. Stat. 425/9 of the Illinois Collection Agency Act.

33.    A private right of action exists for violation of the ICAA. *Sherman v.Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

34.    In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

35.    Cavalry is liable for the acts and omissions of Shindler, committed in connection with efforts to collect the alleged debt from Plaintiff.  (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

36.     Cavalry is liable for the acts and omissions of CPS, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

37.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

38.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39.     Defendants failed to communicate the fact of Plaintiff's dispute to the Equifax consumer reporting agency, when it knew or should have known that Plaintiff disputed the alleged debt, when reporting other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages from Defendant Cavalry pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Statutory damages from Defendant CPS pursuant to 15 U.S.C. § 1692k(a)(2);

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

40.     Defendants disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 Ill. Comp. Stat. 425/9 of the Illinois Collection Agency Act.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.     Compensatory and punitive damages;

B.     Costs; and,

C.     Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com